UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUPERIOR NUT & CANDY CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 10650 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| TDG BRANDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Superior Nut & Candy sued TDG Brands in the Circuit Court of Cook County, Illinois, alleging breach of contract. Doc. 2-1. TDG removed the case to this court, invoking diversity jurisdiction. Doc. 2. TDG now moves under 28 U.S.C. § 1404(a) to transfer the case to the District of Arizona. Doc. 6. The motion is denied.

### Background

From February to July 2016, TDG sent various purchase orders to Superior, which in turn shipped the requested products to TDG. Doc. 2-1 at ¶¶ 8-36. Superior alleges that TDG did not pay for the shipments and now owes $166,788.88. *Id*. at ¶¶ 11, 15, 20, 25, 29, 33, 37, 39-41.

The Master Brokerage Agreement between TDG and Superior has this choice of law, forum selection, and personal jurisdiction waiver clause:

> This Agreement shall be governed by and construed under the laws of the State of Arizona and the United States as applied to agreements among Arizona residents entered into and to be performed entirely within Arizona. Unless waived by MANUFACTURE in writing for the particular instance (which MANUFACTURE may do at its option), its sole jurisdiction and venue for actions related to the subject matter hereof shall be the Superior Court of the State of Arizona for Maricopa County or the United States District Court for the District of Arizona. Both parties consent to the jurisdiction of such courts and agree that process may be served in the manner provided herein for giving notices or otherwise as allowed by Arizona law.

1

Doc. 2-4 at ¶ 13(d). The contract identifies Superior as "MANUFACTURE." *Id*. at 1.

## Discussion

TDG contends that the forum selection clause is valid and enforceable, and therefore that it mandates transfer of this suit to the District of Arizona. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 134 S. Ct. 568, 575 (2013) (holding that forum selection clauses are enforceable under § 1404(a)). Superior agrees that the clause is valid and enforceable, but argues that it gives Superior the option of commencing suit in a different forum.

Superior is correct. The forum selection clause provides that lawsuits relating to the contract shall be resolved in Arizona, *except if Superior chooses not to litigate there*. That is exactly what happened here. Superior filed this suit in Illinois state court on October 7, 2016. For good and probably unnecessary measure, on November 17, 2016—the day after TDG removed this suit to federal court and the day before it moved to transfer—Superior sent a letter to TDG formally announcing its intent to waive the clause's requirement that litigation proceed in Arizona. Doc. 10-1. The clause, by its terms, allowed Superior to do just that.

In opposing this outcome, TDG argues that the clause's language is "undecipherable." Doc. 10 at 2. That is wrong. The clause is easy enough to understand: it is a forum selection provision that allows Superior to waive the designated forum.

TDG next argues that the clause gives it the "right" to litigate in Arizona and does not allow Superior to waive that right. *Id*. at 2-3. The contract does no such thing. It simply states that litigation shall take place in Arizona, and creates an exception if Superior commences suit elsewhere. That is the opposite of giving TDG an unfettered right to require that any litigation proceed in Arizona.

TDG contends that the clause, if read in this manner, would render the contract illusory for lack of mutuality and thus unenforceable. *Id*. at 3. That also is wrong. True, where a contract places obligations only on one party, it is illusory and unenforceable. *See Shattuck v. Precision-Toyota, Inc.*, 566 P.2d 1332, 1334 (Ariz. 1977) ("Parties are, within reason, free to contract as they please, and to make bargains which place one party at a disadvantage; but a contract must have mutuality of obligation, and an agreement which permits one party to withdraw at his pleasure is void."). But this contract does not lack mutuality; rather, it sets forth various promises by each party to the other, the core of which is Superior's agreement to ship products to TDG in exchange for payment.

Given these mutual promises, the one-sided forum selection clause does not render the entire contract illusory. As the Supreme Court of Arizona has explained: "The benefits or liabilities of the parties need not be equal … . Where there are mutual promises between the parties, it is not necessary to render a particular promise by one party binding that there be a special promise on the part of the other party directed to that particular obligation." *Taylor v. Kingman Feldspar Co.*, 18 P.2d 649, 651 (Ariz. 1933). Thus, the fact that the forum selection clause allows Superior to choose a non-Arizona forum does not mean that it is not bound by the contract; rather, it means only that one particular provision of the contract is one-sided, which Arizona law permits.

TDG next argues that even if Superior could lawfully waive the designated Arizona forum, it did not effect a proper written waiver given that "[i]t is obvious and axiomatic … that the filing of a Complaint in the wrong forum does not constitute a 'written waiver' of the forum selection clause." Doc. 10 at 3. TDG cites no authority to support this proposition. The contract does not require Superior to follow any specific procedure for effecting a written waiver of an

3

Arizona forum. Superior's filing this suit in Illinois, through a complaint that of course was in writing, was more than sufficient signify its waiver.

Finally, at a hearing on its motion to transfer, TDG asserted that litigating this case in Illinois under Arizona law would be burdensome because "proof of Arizona law would have to be made by either expert testimony or in some other fashion." That argument is silly. A federal court sitting in diversity is presumed capable of interpreting all state law, not just the law of the State in which it sits. *See Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) ("The very essence of the *Erie* doctrine is that the bases of state law are presumed to be communicable by the parties to a federal judge no less than a state judge."). The court will ascertan Arizona law the same way it ascertains Illinois law: by reading Arizona statutes and case law setting forth Arizona law.

**Conclusion**

The motion to transfer is denied.

January 23, 2017

United States District Judge